(61 Misc. Rep. 286.)

### HALPERN et al. v. NEW YORK EDISON CO.

(Supreme Court, Appellate Term. December 24, 1908.)

ELECTRICITY (§ 11*)—CHARGES—REASONABLENESS.

It is not an illegal discrimination for an electric light company to allow a 10 per cent. discount for current used by theaters, music halls, "breakdown" customers, and buildings in process of construction, in lieu of furnishing and renewing lamps, though another customer furnishes his own lamps; it appearing that the cost of lamp renewal in furnishing service to the customers allowed a discount is much greater than in the case of other customers.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis Halpern and others against the New York Edison Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Horace B. Hord, for appellants.
Beardsley & Hemmens, for respondent.

FORD, J. In consideration of the plaintiffs' agreeing to consume at least 2,000 kilowatt hours of electricity per month for ten months each year, and to furnish their own lamps, defendant agreed to supply the electricity at a lower rate than is charged smaller (retail) customers. Through the circumstances that they were filching the defendant's electric current for several months, their recorded consumption fell so low that it would cost less at the regular retail rate for current actually consumed than it would cost to pay for the guaranteed 2,000 kilowatt hours at the lower wholesale rate provided in the original contract. The defendant, therefore, changed from the wholesale rate, and thenceforward charged only for current actually consumed at the regular retail rate of 10 cents per kilowatt hour.

Plaintiff claims that this retail rate is higher than that paid by other retail customers in like circumstance. It appears that a uniform rate of 10 cents per kilowatt hour is charged retail customers, the defendant furnishing the lamps and keeping them in repair, with this exception: A discount of 1 cent per kilowatt hour (10 per cent.) is allowed to theaters and music halls, break-down customers (those owning their own plant and using the defendant's current only occasionally), and buildings in process of construction. The reasons for the exception, which are based upon experience, are: As to the first, it is impossible for the defendant to properly control their lamps, which are broken and carried away by the performers and others, so the cost of maintenance is extraordinarily increased; as to the second, the lamps are worn out and injured or destroyed for the most part in the use of current other than that of the defendant, and the cost of maintenance rendered out of all proportion to the comparatively small amount of defendant's current used; and as to the third, the breakage and loss of lamps, on account of the nature of the business, are far greater than in the case of ordinary retail customers. Hence the discount of 10 per cent. is allowed in lieu of furnishing and renewing the lamps. Although none of the circumstances which produce this extraordinary cost of lamp renewal are shown to exist in connection with the plaintiffs' use of electricity, they insist that, inasmuch as they furnish their own lamps, they, too, should be allowed the 10 per cent. discount, and that defendant's refusal to allow it to them constitutes illegal discrimination against them.

In the first place, it should not be overlooked that they furnished the lamps in the first instance when they were wholesale customers, and fell from that class into the retail class through their theft of the defendant's electricity. The furnishing and renewing of the lamps has

been gratuitous on their part. Had the defendant refused to furnish lamps, as well as electricity, the same as it does to other retail customers, at 10 per cent. per kilowatt hour, they would have just cause for complaint. There is no evidence of such discrimination however. To leave the option with them to furnish their own lamps, and then to compel the defendant to grant them a 10 per cent. reduction, would be to give every other retail customer the same right, and to brand the defendant's mode of dealing with its large army of retail customers as illegal. The maximum price of electricity is fixed by statute at 10 cents per kilowatt hour, no mention being made of the item of lamp renewal. The defendant's charge is that fixed by statute, the furnishing and renewal of lamps included. We find no warrant for holding that the adoption of this method of dealing with the public is not fair and reasonable. The peculiar situation in which plaintiffs find themselves because of their own wrongdoings does not warrant the upsetting of defendant's established and entirely proper business methods.

The judgment appealed from should be affirmed, with costs.

GIEGERICH, J., concurs. HENDRICK, J., concurs in result.